Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| UNIVERSAL INSURANCE COMPANY Y POPULAR AUTO<br><br>APELANTE<br><br>V.<br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br><br>APELADO | TA2026AP00461 | *Apelación* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Caso Núm. CA2025CV00033<br><br>Sobre: Impugnación de Confiscación |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Jueza Lotti Rodríguez

*Grana Martínez, jueza ponente*

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de junio de 2026.

El 6 de mayo de 2026 las compañías Universal Insurance Company y Popular Auto, presentaron el recurso de apelación que nos ocupa. Nos solicitan la revocación de una sentencia del Tribunal de Primera Instancia, Sala Superior de Carolina, emitida y notificada el 25 de febrero de 2025. En esta, se declaró no ha lugar la Demanda de impugnación de confiscación presentada por ambas. Los hechos pertinentes a la determinación que hoy alcanzamos se detallan a continuación.

I

El 8 de enero de 2025, Universal Insurance Company y Popular Auto, en adelante apelantes, presentaron demanda de impugnación de confiscación. Reclamaron que el automóvil marca Mercedes Benz GLE350, año 2020, tablilla JGA-051, había sido confiscado ilegalmente. Afirmaron que Popular Auto, como dueña del contrato de venta condicional al momento de la confiscación, poseía un gravamen

debidamente anotado a su favor en el Registro de Automóviles del Departamento de Obras Públicas. En cuanto al interés de Universal Insurance Company, en el pleito, adujeron que surgía de una póliza expedida a favor de Popular Auto para cubrir el riesgo de confiscaciones a favor de la entidad bancaria. Enfatizaron que Sol Rivera Rodríguez (según el Departamento de Justicia, Run Way Motors), tiene un balance pendiente de pago por motivos del contrato de venta condicional del vehículo objeto de la confiscación y, en la alternativa, alegaron que eran tercero inocente a la confiscación. Reclamaron la ilegalidad de la confiscación por no haberse cumplido con los requisitos exigidos por la Ley Uniforme de Confiscaciones de Puerto Rico, y por no haberse hecho la notificación a todas las partes dentro del término legal. Además, puntualizaron que era nula e ilegal, injustificada e improcedente, toda vez que dicho vehículo nunca había sido usado en violación a cualquier ley que permita la confiscación, ni en violación de la Ley 8 de Propiedad Vehicular. Por último, reclamaron la inconstitucionalidad de la Ley Uniforme de Confiscaciones de 2011.[1]

El Gobierno en su contestación a demanda expuso que la ocupación del vehículo se debió a su utilización en violación a los Artículos 401 y 412 de la Ley de Sustancias Controladas, el Artículo 3.23 de la Ley de Tránsito y el Artículo 246 del Código Penal, en hechos ocurridos el 12 de agosto de 2024 en Carolina, Puerto Rico. Alegó afirmativamente que el vehículo apareció registrado a nombre de Run Way Motors en el Registro de Vehículos del Departamento de Transportación y Obras Públicas (DTOP), sin que existiese sobre tal propiedad algún gravamen inscrito sobre venta condicional. Por tal razón, explicó que ni Popular Auto, ni Universal Insurance tenían derecho a ser notificadas de la confiscación, pues Popular Auto no tenía registrado a su favor gravamen en torno al vehículo confiscado.

---

[1] Véase, Sistema Unificado de Manejo y Administración de Casos (SUMAC), Entrada núm. 1, ante el Tribunal de Primera Instancia (TPI).

Puntualizó que Popular Auto no tenía legitimación activa para impugnar la confiscación del vehículo, por no tener un gravamen de venta condicional inscrito sobre el vehículo. Para el Gobierno, el hecho de que Popular Auto no pudiese ser considerado "dueño" del vehículo, conforme el Artículo 15 de la Ley Uniforme de Confiscaciones de 2011, impedía que Universal Insurance Company fuese cesionario de un derecho propietario sobre el vehículo, a los fines de poder continuar con la presente causa de acción, por lo que también carecía de legitimación activa. Reafirmó que del expediente no surgía venta condicional y que ninguno de los demandantes era tercero inocente. Toda vez que alegaba que ninguno de los demandantes tenía un derecho propietario sobre el vehículo, sostuvo que no procedía atender las alegaciones sobre violaciones a derechos constitucionales.[2]

Así las cosas, el 20 de mayo de 2025 el Gobierno reiteró su pedido de desestimación de la demanda, basada en la falta de legitimación activa. Sostuvo que, 1) el vehículo confiscado aparecía registrado a nombre de Run Way Motors en el Registro de Vehículos del Departamento de Transportación y Obras Públicas, sin que existiese algún gravamen inscrito sobre venta condicional, 2) Popular Auto carecía de legitimación activa para impugnar la confiscación del vehículo, por no tener un gravamen de venta condicional inscrito sobre el vehículo y, 3) toda vez que Popular Auto no podía ser considerado "dueño" del vehículo, conforme lo define el Artículo 15 de la Ley Uniforme de Confiscaciones de 2011, Universal Insurance Company no podía ser cesionario de un derecho propietario sobre el vehículo, a los fines de poder continuar con la presente causa de acción. Aclaró que de la Declaración de Financiamiento (Formulario DTOP-770), presentada por Popular Auto en el pleito, surgía que la misma había sido recibida por DTOP el 19 de agosto de 2024, siete (7) días después de la fecha en que se ocupó el

---

[2] Véase, Contestación a Demanda, Entrada núm. 4, SUMAC TPI.

vehículo. El Gobierno sostuvo que el 20 de mayo de 2025 se celebró la vista de legitimación activa y lo cierto es que la documentación presentada por los demandantes para intentar acreditar tal legitimación no incluyó un certificado de título del vehículo, del cual surja la inscripción de un gravamen.[3]

Por su parte, los apelantes se opusieron a la desestimación por escrito. Sostienen que desde el 16 de julio de 2024, Popular Auto tenía un contrato de venta a su favor, por lo que tenía interés sobre el vehículo ocupado. Además, alegaron que tomando en consideración la prueba sometida durante la Vista de Legitimación Activa, esto es, el contrato de venta al por menor a plazos, Declaración de Financiamiento DTOP-770 y dos declaraciones juradas; Popular Auto tiene un derecho propietario y, por tanto, legitimación activa y, por consiguiente, Universal Insurance Company tiene una cesión de derechos válida a su favor. La posición de los apelantes es que, desde el otorgamiento del contrato de venta, se ostenta un derecho o un interés sobre dicha propiedad. Señalan que el ordenamiento no requiere que el gravamen esté inscrito en el DTOP para tener standing, pues la inscripción solo es material al derecho de un acreedor condicional a ser notificado de la confiscación. Para los apelantes, conforme la Ley 119-2011, expone que se considerará "dueño de la propiedad": [a] una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. 34 LPRA sec. 1724l. Para ellos la definición no requiere que cuando el interés propietario se derive de la existencia de un gravamen sobre un bien confiscado, el gravamen tenga que constar inscrito en el DTOP. Eso, la inscripción del gravamen es solo necesario cuando el Estado va a notificar la confiscación. Basta que la parte promovente demuestre que

---

[3] Véase, Moción de Desestimación por falta de Legitimación Activa, Entrada núm. 11, SUMAC TPI.

tiene algún interés propietario, independientemente de que ese interés surja o no del registro del DTOP. Arguyen que en *Mapfre. v. ELA*, 188 DPR 517 (2013), se dijo: si el Estado confiscaba un vehículo de motor, la agencia concernida debía notificar ese hecho al dueño —según constara en el registro de vehículos del Departamento de Transportación y Obras Públicas— y al acreedor condicional que a la fecha de la ocupación hubiese presentado su contrato para archivarlo en el registro. En fin, los apelantes invitaron al foro primario a concluir que la ausencia de inscripción al momento de la ocupación, sin más, no implica la falta de un interés propietario sobre el bien confiscado, el requerir que un gravamen tenga que estar inscrito en el Departamento de Transportación y Obras Públicas para los efectos de determinar si Popular Auto tiene un interés propietario de conformidad con la Ley Núm. 119–2011, supra, tendría como resultado incluir un requisito de forma no expresado por el legislador.[4]

Celebrada la Vista de Legitimación, recibida la prueba y con los escritos de ambas partes para su beneficio, el foro primario emitió la Sentencia cuya revisión se nos solicita. El TPI emitió las siguientes Determinaciones de Hechos:

1. El día 12 de agosto de 2024, la Policía de Puerto Rico ocupó el vehículo de motor marca Mercedes Benz modelo GLE 350 4MATIC, del año 2020 y con número de tablilla JGA-051 ("vehículo") por alegada violación a los Artículos 401 y 412 de la Ley Núm. 4-1971; el Artículo 3.23 de la Ley Núm. 22- 2000; y el Artículo 246 del Código Penal.

2. El vehículo aparece registrado a nombre de Run Way Motors en el Registro de Vehículos del Departamento de Transportación y Obras Públicas ("DTOP"), sin que exista sobre tal propiedad algún gravamen inscrito sobre venta condicional.

3. Popular Auto no tiene un gravamen de venta condicional inscrito sobre el vehículo.

4. Los demandantes no presentaron un certificado de título del vehículo, del cual surja la inscripción de un gravamen de venta

---

[4] Véase, Moción reiterando legitimación activa de la parte demandante y en oposición a "moción de desestimación por falta de legitimación activa," Entrada núm. 14, SUMAC TPI.

condicional a favor de Popular Auto en o antes del 12 de agosto de 2024, fecha en que se ocupó el vehículo.

5. De la documentación provista por la parte demandante surge que no fue hasta el 19 de agosto de 2024 -pasados siete (7) días desde la ocupación del vehículo- que se solicitó en el DTOP el registro de tal gravamen a favor de Popular Auto.

6. Popular Auto no acreditó que, a la fecha de ocupación del vehículo había cumplido con todos los requisitos para que se entendiera perfeccionado e inscrito su gravamen de venta condicional.

El TPI citó como vinculante en su sentencia el caso del Tribunal Supremo de Puerto Rico, *Mapfre Praico Insurance Co. v. E.L.A.*, 188 DPR 517 (2013). El foro primario sostuvo que en dicho caso el Tribunal Supremo de Puerto Rico se expresó en cuanto a quiénes tienen legitimación activa para incoar una acción sobre impugnación de confiscación, reafirmando que, en las acciones sobre impugnación de confiscación, al igual que en toda reclamación civil, la parte demandante tiene que poseer legitimación activa para incoar su reclamo. No solo tiene que poseer capacidad para demandar, sino también debe demostrar que tiene un interés legítimo. Además, señaló que el máximo foro local había resuelto que -por disposición expresa de la Ley Uniforme de Confiscaciones de 2011, supra, el tribunal tenía que celebrar una vista sobre legitimación activa en la que la parte promovente de la acción demostrara que, al momento de la ocupación de la propiedad incautada, dicha parte tenía el dominio y control sobre tal bien. Para el TPI era claro que es a la parte promovente de la reclamación a quien le corresponde demostrar que al momento de la ocupación tenía dominio y control sobre la propiedad, no al Estado. En su análisis, el foro primario concluyó que conforme la Exposición de Motivos de la Ley 262-2012 surge con meridiana claridad la intención del legislador de incorporar una definición de "dueño", que incluyese (1) a la institución financiera que otorga el préstamo para la adquisición del vehículo y ostenta sobre éste un gravamen inscrito sobre el bien sujeto a la confiscación en el

momento de su ocupación, institución a quien en virtud de este gravamen inscrito se le reconoce un "interés propietario", y (2) a quien válidamente adquiere mediante cesión este gravamen o "interés propietario", lo cual interpretó que incluye a las aseguradoras, como cesionarias de un derecho propietario sobre un bien confiscado. Finalmente concluyó que, y citamos:

> "Pero el dominio y control que otorgan legitimación activa para impugnar una confiscación tienen que haberse ejercido sobre la propiedad en cuestión, previo a los hechos que motivaron la confiscación. Cónsono con tal requisito, al poseedor de un gravamen sobre una propiedad se le exige que tal posesión exista a la fecha de ocupación del bien incautado. Solo así se le reconocerá como "dueño" de la propiedad incautada, a los fines de permitirle continuar con su acción impugnatoria. De no cumplir con la exigencia establecida, procederá la desestimación inmediata del pleito."

En cuanto a las aseguradoras, consignó que para que puedan ser reconocidas como "dueña" se requiere primeramente que el acreedor haya tenido su gravamen de venta condicional debidamente perfeccionado a la fecha de ocupación del vehículo; en otras palabras, que el acreedor de por sí ostente legitimación activa para impugnar la confiscación de dicha propiedad. En segundo lugar, se requiere que el acreedor condicional haya cedido su calidad de "dueño" a favor de la aseguradora, a los fines de que este cesionario pueda proseguir con la acción impugnatoria. En fin, desestimó la causa de acción con perjuicio por falta de legitimación activa.[5]

---

[5] Véase, Sentencia, Entrada núm. 16, SUMAC TPI.

Inconforme los apelantes, presentaron el recurso de apelación que nos ocupa en el cual presentan y discuten el siguiente señalamiento de error.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA, SALA DE CAROLINA, AL DETERMINAR QUE POPULAR AUTO Y UNIVERSAL INSURANCE COMPANY NO POSEEN LEGITIMACIÓN ACTIVA PARA PRESENTAR LA DEMANDA DE AUTOS AUN DEMOSTRANDO UN INTERÉS PROPIETARIO SOBRE EL VEHÍCULO CONFISCADO.

En su recurso repiten los argumentos que presentaron ante el foro primario en su oposición a la desestimación de la demanda. Insisten que Popular Auto tiene un interés propietario en el vehículo confiscado y así lo demostró. A su entender la formalización del Contrato de Venta al por Menor a Plazos, admitido en evidencia, demuestra el interés propietario de Popular Auto sobre el vehículo confiscado. Razón por la cual, desde el 16 de julio de 2024, Popular Auto tenía un contrato de garantía a su favor, por lo que tenía interés sobre el vehículo ocupado y posteriormente confiscado. En síntesis, su alegación principal es que el ordenamiento no requiere que el gravamen esté inscrito en el DTOP para tener standing, pues la inscripción solo es material al derecho de un acreedor condicional a ser notificado de la confiscación. Para los demandantes, en ningún lugar del texto de la Ley 119 se condiciona la legitimación para presentar una acción de confiscación de un vehículo de motor a la inscripción de un gravamen en el DTOP.

Exponen que la Legislatura se percató de que no había protegido suficientemente los intereses de esos acreedores garantizados que son terceros, cuyos derechos propietarios se afectan con la confiscación; estos que difícilmente habrán estado implicados en delitos que conllevaron la incautación del vehículo gravado y pierden por ello su garantía y promulgó la Ley 262-2012. Afirmó que se enmendó el Artículo 15 de la Ley 119-2011, para incluir que se considerará 'dueño' de la propiedad una persona que demostrará tener interés propietario en la

propiedad incautada, incluyendo una persona que poseyera un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. Entonces, interpretan dicho texto de la siguiente manera; el ejemplo de una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario son dos maneras adicionales de demostrar que se es una persona que posee un gravamen, sobre dicha propiedad a la fecha de ocupación de la propiedad incautada pero no los únicos. Resaltan que en ningún lugar incluye que el gravamen tiene que estar inscrito al momento en que se confisque la propiedad, ni en modo alguno, la ley excluye otras pruebas del interés de terceros inocentes.

III

La Ley 119-2011 conocida como Ley Uniforme de Confiscaciones de 2011, se aprobó el 12 de julio de 2011. Entre sus propósitos buscaba establecer las normas que regirían el procedimiento a seguir en toda confiscación. Entre ellas y pertinente al asunto ante nuestra consideración la Ley 119-2011, requiere que todo demandante que pretenda impugnar la confiscación tenga legitimación activa para incoar su reclamo. La legislación reconoce que la legitimación para cuestionar al amparo de la ley no se extiende a toda persona con algún interés en la propiedad confiscada. El demandante tiene que establecer que era el dueño de la propiedad confiscada antes de ocurrir la confiscación, para que pueda impugnarla. La definición de dueño de la propiedad gira en torno a la identidad del individuo que ejercía dominio y control sobre la propiedad en cuestión antes de la confiscación.

A tales efectos el Artículo 15 de la Ley 119-2011, dispone actualmente:

**Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la**

> **fecha en que se reciba la notificación,** mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico, y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. ...
>
> Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.
>
> **Para fines de esta Ley se considerará "dueño" de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. 34 LPRA sec. 1724l. Énfasis nuestro.**

Hay que puntualizar que el 19 de septiembre de 2012 se enmendó el Art. 15 antes expuesto, mediante la Ley Núm. 262-2012 precisamente con el objetivo de precisar que la referencia a "dueño con derecho a impugnar la confiscación" se extendería a los acreedores con un gravamen inscrito.

En aquel entonces, el Artículo 15, según aprobado mediante la Ley 119-2011 y antes de ser enmendado leía:

> Las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el Estado Libre Asociado de Puerto Rico y el funcionario que autorizó la ocupación, debiéndose emplazar al Secretario de Justicia dentro de los quince (15) días siguientes a la fecha en que se presentó la demanda. En aquellos casos que la notificación sea devuelta, los términos indicados comenzarán a computarse desde que la referida notificación sea recibida por el Departamento de Justicia. Estos términos son jurisdiccionales. El Secretario de Justicia representará al Estado Libre Asociado de Puerto Rico en todos los casos de impugnación de confiscación y formulará sus alegaciones dentro de los treinta (30) días de haber sido emplazado. La demanda deberá radicarse en la sala correspondiente del Tribunal de Primera Instancia, Sala Superior. El Tribunal tramitará estas demandas de manera expedita y los procedimientos se celebrarán sin sujeción a calendario.

La demanda que al amparo de esta Ley se autoriza, estará sujeta estrictamente a los siguientes términos: el Tribunal ante el cual se haya radicado el pleito deberá adjudicarlo dentro del término de seis (6) meses contados desde que se presentó la contestación a la demanda, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes y por causa justificada, por un término que no excederá de treinta (30) días adicionales; se presumirá la legalidad y corrección de la confiscación independientemente de cualquier otro caso penal, administrativo o cualquier otro procedimiento relacionado a los mismos hechos. El demandante tiene el peso de la prueba para derrotar la legalidad de la confiscación. El descubrimiento de prueba se llevará a cabo dentro de los primeros treinta (30) días contados a partir de la contestación a la demanda y no se extenderá a las declaraciones juradas que obren en el expediente del fiscal hasta que se tenga derecho a las mismas en alguna acción penal que exista relacionada a los hechos de la confiscación.

Presentada la contestación a la demanda, el Tribunal ordenará una vista sobre legitimación activa para establecer si el demandante ejercía dominio y control sobre la propiedad en cuestión antes de los hechos que motivaron la confiscación. De no cumplir con este requisito, el Tribunal ordenará la desestimación inmediata del pleito.

Cuando el antedicho artículo mencionaba "las personas notificadas, según lo dispuesto en esta Ley y que demuestren ser dueños de la propiedad" se refería: a) a la persona que tuviere la posesión física del bien al momento de la ocupación; b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien; c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito; d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien. Art. 13 Ley 119-2011.

Ahora bien, entre las motivaciones de las enmiendas incorporadas a la Ley de Confiscaciones mediante la Ley 262-2012, la Legislatura

encontró que la nueva ley de confiscaciones del 2011 no había definido con precisión las personas que se considerarían dueños a los efectos de garantizarles las protecciones constitucionales tales como el derecho al disfrute de la propiedad y a la no privación de la de la misma sin un debido proceso de ley. Puntualizó que los acreedores garantizados por un bien sujeto a incautación poseían un "interés propietario" en dicho bien que conforme a los precedentes de *Del Toro Lugo v. Estado Libre Asociado de Puerto Rico*, 136 DPR 973 (1994) y *First Bank, Univ. Ins. Co. v. ELA*, 156 DPR 77 (2002), les extendía las garantías constitucionales. Así las cosas, para aclarar tal situación, incorporó una nueva definición de dueño que reconocía el interés propietario de los acreedores que poseyesen un gravamen inscrito sobre el bien sujeto a la confiscación en el momento de su ocupación. Es decir, les reconoce capacidad para reclamar por derecho propio a los acreedores que tengan su gravamen inscrito al momento de la confiscación.

IV

Como anticipamos en el recurso presente los apelantes nos solicitan la revocación de una sentencia que desestimó su causa de acción por falta de legitimación activa, conforme lo dispuesto por el Artículo 15 de la Ley Uniforme de Confiscaciones de 2011, *supra*. Los apelantes sostienen que el foro primario erró al determinar qué Popular Auto y Universal Insurance Company no poseen legitimación activa para presentar la demanda de autos, aun demostrando un interés propietario sobre el vehículo confiscado. Para ellos el ordenamiento jurídico no requiere que el gravamen esté inscrito en DTOP para tener standing, pues la inscripción solo es pertinente al derecho de un acreedor condicional a ser notificado de la confiscación. Puntualizan que en ningún lugar del texto de la Ley 119, se condiciona la legitimación para presentar una acción de confiscación de un vehículo de motor a la inscripción de un gravamen en el DTOP. No le asiste la razón.

Conforme adelantamos anteriormente, el Artículo 15 de la Ley Uniforme de Confiscaciones, *supra*, establece que las personas notificadas, según lo dispuesto en la propia ley y que demuestren ser dueños de la propiedad, podrán impugnar la confiscación dentro de los treinta (30) días siguientes a la fecha en que reciba la notificación. ¿A quiénes se notifica? Conforme el Artículo 13 de la Ley se notificará a la persona que tuviere la posesión física del bien al momento de la ocupación; b) a aquéllas que por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien; c) en los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas **y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito;** d) en los casos de bienes inmuebles se notificará, además, al dueño, según consta en el Registro de la Propiedad del municipio donde ubica el bien y a la institución hipotecaria que a la fecha de la ocupación aparezca en dicho Registro como acreedor hipotecario del bien.

A nuestro entender, la Ley es clara y libre de ambigüedades. Cuando la ley es clara y libre de toda ambigüedad, su texto no debe menospreciarse bajo el pretexto de cumplir su espíritu. 31 LPRA sec. 5341. El Artículo 15 de la Ley Uniforme de Confiscaciones, *supra,* exige que la persona que intente impugnar la confiscación, acredite su legitimación activa en base a que fue notificada conforme al artículo 13 antes mencionado y que demuestre ser dueño de la propiedad. A su vez el artículo 15, establece que se considera dueño de la propiedad una persona que demuestre tener interés propietario en la propiedad incautada, incluyendo una persona que posea un gravamen sobre dicha propiedad a la fecha de ocupación de la propiedad incautada, o una cesión válida de tal interés propietario. En ese sentido, adoptamos las acertadas expresiones de la Honorable Jueza Diana I. Conde Rodríguez

en su sentencia. La falta de un gravamen perfeccionado a favor [de los apelantes], en o antes de la fecha en que se ocupó el vehículo, impide que Popular Auto sea reconocido como "dueño" de tal propiedad a los fines de ostentar legitimación activa para impugnar la confiscación en controversia. Como no puede cederse un derecho que no se tiene, resulta irrelevante para este caso la cesión de derechos emitida por Popular Auto a favor de Universal. ...La falta de legitimación activa de Popular Auto impide automáticamente la posibilidad de que su alegada aseguradora (en este caso, Universal) pueda proseguir con esta causa de acción."

El gravamen de un acreedor para conceder legitimación activa deberá ser presentado antes de la fecha de la confiscación. Y quedará perfeccionado una vez el acreedor cumpla *con la presentación de todos los documentos requeridos.* Por esta razón, determinamos que la definición de "contrato inscrito" dispuesta en la Ley Uniforme de Confiscaciones de 2011, debe entenderse como aquel contrato presentado adecuadamente ante el Registro de Vehículos de Motor, Arrastres y Semiarrastres del DTOP, en perfecto cumplimiento con la ley. De esta forma, no bastará con la mera presentación de una Solicitud de Gravamen, sino que será necesario la presentación de todos los documentos requeridos por ley para que se entienda inscrito el gravamen. *Reliable v. Depto. Justicia y ELA,* 195 DPR 917, 934 (2016).

Por las razones antes expresadas, confirmamos la Sentencia recurrida.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica su Secretaria.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones